* * **§ 362 INFORMATION SHEET** * *

Victor and Weyna Acantilado        S-10-21560-mkn
DEBTORS                             Case No:             MOTION #:

EMC Mortgage Corporation            CHAPTER:    7
MOVANT

---

*Certification of Attempt to Resolve the Matter Without Court Action:*
*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(3), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*

*Date:* _____    *Signature:* _____
                                            *Attorney for Movant*

---

PROPERTY INVOLVED IN THIS MOTION:  6271 Rocky Top Avenue, Las Vegas, Nevada 89110

NOTICE SERVED ON: Debtor(s)  x  ; Debtor's counsel    x    ; Trustee       x    ;

DATE OF SERVICE: July 27, 2010

| MOVING PARTY'S CONTENTIONS:<br>The EXTENT and PRIORITY of LIENS: | DEBTOR'S CONTENTIONS:<br>The EXTENT and PRIORITY of LIENS: |
|---|---|
| 1st $499,360.93<br>2nd $1,297.50<br>3rd<br>4th<br>5th<br>Other: Cost of Sale $7,581.44<br>Total Encumbrances: $508,239.87<br><br>APPRAISAL of OPINION as to VALUE:<br><br>$94,768.00 per Debtors' Schedules | 1st<br>2nd<br>3rd<br>4th<br>Other:<br>Total Encumbrances:<br><br>APPRAISAL of OPINION as to VALUE: |
| TERMS of MOVANT'S CONTRACT<br>with the DEBTOR(S): | DEBTOR'S OFFER of "ADEQUATE"<br>PROTECTION" for MOVANT |
| Amount of Note: $426,400.00<br>Interest Rate:  8.95%<br>Duration: 30 years<br>Payment per Month:  $3,516.32<br>Date of Default: February 1, 2009<br>Amount in Arrears: $69,880.36<br>Date of Notice of Default**:** N/A<br>SPECIAL CIRCUMSTANCES:<br><br>SUBMITTED BY:  Kevin Hahn<br><br>SIGNATURE: /s/ Kevin Hahn | .<br>.<br>.<br>.<br>.<br>SPECIAL CIRCUMSTANCES:<br><br><br>SUBMITTED BY:<br>SIGNATURE: |

```
1   Kevin Hahn                                          E-FILED July 27, 2010
    Nevada Bar No. 9821
2   MALCOLM ♦ CISNEROS, A Law Corporation
    608 South 8th Street
3   Las Vegas, Nevada 89101
    (800) 741-8806 Phone
4   (949) 252-1032 Fax
    kevin@mclaw.org
5
    Attorneys for EMC MORTGAGE CORPORATION
```

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re ) | Chapter 7 |
| ) | |
| VICTOR E. ACANTILADO and ) | Case No. S-10-16900-BAM |
| WEYNA G. ACANTILADO ) | |
| ) | Hearing Date: August 30, 2010 |
| Debtors, ) | Hearing Time: 1:30 p.m. |
| ) | |
| ) | Location:  Foley Federal Building |
| ) |              Courtroom No. 3 |

### MOTION FOR RELIEF FROM AUTOMATIC STAY

Movant, EMC MORTGAGE CORPORATION, and its Successors and/or Assigns ("EMC MORTGAGE"), by and through Kevin Hahn, its attorney, hereby moves this Court pursuant to 11 U.S.C. § 362, for its Order Terminating Automatic Stay as it applies to certain real property located in Clark County, Nevada.

This Motion is based upon the attached Memorandum of Points and Authorities, and the 362 Information Sheet, as well as upon the documents filed in support of the Motion.

DATED: July 27, 2010

Respectfully Submitted,

/s/ *Kevin Hahn*
KEVIN HAHN
Nevada Bar No. 9821
Attorney for secured Creditor,
EMC MORTGAGE CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTORY STATEMENT

EMC MORTGAGE CORPORATION, and its Successors and/or Assigns ("EMC MORTGAGE/Movant") requests the Court to grant it relief from the automatic stay because there is no equity in the Property for the benefit of the Debtors or the estate and because the Debtors have indicated in their Chapter 7 Individual Debtor's Statement of Intention that they are surrendering the Property.

## II. STATEMENTS OF FACTS

1. **The Secured Debt.** The Debtors are the Trustors under a Note secured by a Deed of Trust against the real property commonly known as 6271 Rocky Top Avenue, Las Vegas, Nevada 89110 (the "Property"). The Debtors acknowledge the secured debt in their Schedules. True and correct copies of the Debtors' Schedules "A" and "D" are attached hereto as Exhibit "1."

2. **The Default Under The Note.** EMC MORTGAGE'S Note and Deed of Trust are contractually due for the February 1, 2009 payment. As a result of the default, EMC MORTGAGE desires to record a Notice of Default against the Property. The total delinquency under the Note is set forth in detail on Exhibit "2" to the Motion.

3. **The Debtors' Interest in The Property.** The Debtors are the owners of record of the Property.

4. **The Filing Of The Instant Petition.** On or about April 20, 2010, Victor E. Acantilado and Weyna G. Acantilado filed the instant Chapter 7 Petition as Case No. S-10-16900-bam.

5. **The Total Indebtedness Under The Note.** The total indebtedness owed to EMC MORTGAGE, under the Note, exclusive of attorney fees, other miscellaneous costs and interest that continues to accrue is as follows:

| | |
|---|---:|
| Principal Balance | $ 425,399.46 |
| Interest Accrued as of May 2010 | $ 61,646.19 |
| Escrow Advance | $ 7,412.57 |
| Total Fees | $ 14.00 |
| Late Charges | $ 3,212.35 |

|   |   |   |
|---|---|---|
| Recoverable Balance | $ | 1,676.36 |
| **TOTAL:** | **$** | **499,360.93** |

6. **The Total Liens On The Property.** The Property is encumbered by the following liens:

| SECURED CREDITOR | | LIEN AMOUNT |
|---|---|---|
| 1. EMC MORTGAGE CORPORATION (1st trust deed) | $ | 499,360.93 |
| 2. EMC MORTGAGE CORPORATION (2nd trust deed) | $ | 1,297.50 |
| **TOTAL** | **$** | **500,658.43** |

7. **The Value Of The Property.** The amount owing and recorded against the Property (excluding costs of sale) is $500,658.43. By the Debtors' own admission, the Property has a fair market value of only $94,768.00. Accordingly, the Property has no equity for the benefit of the Debtors or the estate. True and correct copies of the Debtors' Schedules A and D are attached hereto as Exhibit "1."

### III. RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(2) BECAUSE THE PROPERTY HAS NO EQUITY

The evidence demonstrates that there is little or no equity in the Property. By the Debtors' own admission, the Property has a fair market value of $94,768.00 while the total indebtedness on the Property (excluding costs of sale) is $500,658.43. Based on the foregoing, the stay should be terminated immediately. EMC MORTGAGE has satisfied its burden under Section 362(d)(2).

### IV. REQUEST FOR JUDICIAL NOTICE.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, EMC MORTGAGE requests that the Court take judicial notice of the following facts:

1. The Debtors contend that the Property has a fair market value of $94,768.00. See Exhibit "1."

2. The Debtors contend that there is a Second Lien on the Property. See Exhibit "1."

3. The Debtors intend to surrender the Property. See Exhibit "3."

### V.  CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief requested by EMC MORTGAGE including a waiver of the 14-day stay pursuant to Bankruptcy Rule 4001 (a)(3) and the requirements of Local Rule 9021.

DATED: July 27, 2010

Respectfully Submitted,

/s/ *Kevin Hahn*
KEVIN HAHN
Nevada Bar No. 9821
Attorney for secured creditor,
EMC MORTGAGE CORPORATION